**United States District Court**
**Northern District of Indiana**

| | |
|---|---|
| DALE J. ATKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 3:10-CV-085 JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

# OPINION AND ORDER

Dale J. Atkins, a *pro se* prisoner, filed this habeas corpus petition raising one ground to challenge his convictions and 51 year sentence for Attempted Murder, Criminal Confinement, Domestic Battery, and Invasion of Privacy by the Marion Superior Court under cause number 49G05-0405-FA-77748. Atkins contends that his trial attorney deprived him of his Sixth Amendment right to counsel by lying to the jury about Atkins having been in Georgia at the time that the crime was committed.

Todd Ess, Atkins' trial attorney, told the jury during opening statement that Atkins "went to Georgia and that's where he was when this occurred." Trial Record at 75. Then he told the jury that the police did not find Atkins at the scene, "[b]ecause he was in Georgia. He was never there at the time that this occurred." *Id.* at 77. These were not simple mis-statements, this was the main focus of his opening statement. Ess knew that he was lying to the jury because during the post-conviction hearing he testified that, prior to trial, "Atkins admitted [to him] not only to being at the scene, but also to stabbing Yvonne."*Atkins v. State*, 49A04-0903-PC-169, slip at 4 (Ind. Ct. App. October 20, 2009), ECF 6-9 at 5.

On appeal, following the post-conviction hearing, the Court of Appeals of Indiana applied the test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and found that

these statements did not constitute ineffective assistance of counsel. It held that, "Ess' decision to pursue the misidentification defense is a strategic decision that we will not second-guess. Counsel has the discretion to determine what strategy is best under the circumstances. It is not for us to speculate as to what may or may not have been advantageous trial strategy." *Atkins v. State*, 49A04-0903-PC-169, slip at 12 (Ind. Ct. App. October 20, 2009), ECF 6-9 at 13 (citations omitted).

Because the Court of Appeals of Indiana adjudicated this claim on the merits, habeas corpus relief may not be granted unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "In order for a federal court to find a state court's application of [United States Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520-521 (2003) (citations omitted).

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case." *Id.* (quotation marks and citations omitted). "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). "Establishing that

a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult [because] . . . [w]hen § 2254(d) applies [as it does here], the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 778 (2011).

In this case, Atkins has not shown that the Court of Appeals of Indiana unreasonably applied *Strickland*. His case is similar to *Brewer v. Aiken*, 935 F.2d 850 (7th Cir. 1991) where counsel knowingly presented false testimony to the jury, except it was at the request of his client. The Court of Appeals for the Seventh Circuit refused to hold that such perjured testimony constituted ineffective assistance of counsel:

> Regardless of whether the attorney knew that the alibi testimony was contrived, the entire argument over whether presenting false alibi testimony constitutes ineffective assistance of counsel is immaterial. The purpose of the rule against presenting false evidence is to protect the integrity of the truth-finding function of courts rather than the rights of the defendant. The rule protects the public from allowing defendants to subvert the criminal justice system through fabricating evidence. Ineffective assistance of counsel claims have validity only to the extent that the attorney has departed from a professional norm established for defending a law violator. It would be absurd to create a rule allowing a defendant to go free if perjured testimony succeeds while at the same time providing for a new trial if the witness is a poor liar.

*Brewer v. Aiken*, 935 F.2d 850, 859–60 (7th Cir. 1991) (citation omitted). In light of *Brewer*, the Court of Appeals of Indiana was not unreasonable when it found that Atkins' counsel did not render deficient performance.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must

3

make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). Here, reasonable jurists could debate whether an attorney's violation of the rules of professional conduct (by lying to the jury) constitutes deficient performance. Therefore a certificate of appealability will be issued.

For the foregoing reasons, the habeas corpus petition is **DENIED**, and Dale J. Atkins is **GRANTED** a certificate of appealability.

**SO ORDERED** on March 17, 2011.

 s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

4